### WITT v. BYRUM.

(Court of Civil Appeals of Texas. Feb. 15, 1911. Rehearing Denied March 22, 1911.)

1. APPEAL AND ERROR (§§ 548, 265*)—RECORD —STATEMENTS OF FACTS — EFFECT OF ABSENCE.

In absence of a statement of facts in the record or of exceptions to the conclusions of facts found, the appellate court cannot review a finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2434, 1536–1551; Dec. Dig. §§ 548, 265.*]

2. BROKERS (§ 53*)—COMMISSIONS—CAUSE OF SALE.

A broker is not entitled to commissions for the sale of land unless he was the procuring cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

3. BROKERS (§ 57*)—COMMISSIONS—TERMS OF SALE.

A sale of land by a broker must have been made according to the terms upon which he was authorized to sell to entitle him to commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. § 57.*]

Appeal from McLennan County Court; Geo. N. Denton, Special Judge.

Action by J. H. Witt against D. R. Byrum. From a judgment for defendant, plaintiff appeals. Affirmed.

Edgar E. Witt, for appellant. W. H. Jenkins, for appellee.

RICE, J. Appellant brought this suit, as shown by his brief, against appellee for the recovery of $457, claimed to be due him by appellee as commissions for the sale of 228 acres of land to Keeble & Ridley, alleging that the same was originally listed with him and the firm of Klein & Witt, who were authorized to sell the same at $45 per acre; that thereafter, during the month of April, 1909, appellee authorized appellant to sell said land to said Keeble & Ridley for $40, exclusive of the crops then growing thereon, and agreed to pay appellant a commission of 5 per cent. on the sale thereof; that, by virtue of the last-named agreement, appellant procured and effected a sale of the land to said Keeble & Ridley, and appellee confirmed and ratified said sale, whereby he became indebted to appellant for said commission sued for. He also sued in the alternative for the value of services rendered to and accepted by appellee, alleging the same to be worth 5 per cent. of the purchase price.

After a general demurrer and general denial, defendant specially answered that in the spring of 1909 he listed the land in question with Messrs. Klein & Witt, a real estate firm in Waco; that they, in pursuance of said employment, found and offered to sell the same to Messrs. Keeble & Ridley, showing them over the land, and that while negotiations with Keeble & Ridley were pending, the plaintiff Witt applied to defendant for authority to sell said land; that he placed the same in his hands for sale, authorizing him to sell at $40 per acre, exclusive of the crops of cotton and corn then growing thereon; that plaintiff well knew that Keeble & Ridley were the clients of Klein & Witt, but, notwithstanding this, he sought them out, offered and undertook to sell said land to them, and thereafter reported to defendant that he had effected a sale to said parties on the terms above stated; but defendant alleged that, when he went to Keeble & Ridley to inquire about the sale, they refused to take his land at $40 per acre, unless he would include in the sale said growing crops of cotton and corn; that plaintiff had no authority to make such terms, and he refused to consummate said sale on said terms; that Klein & Witt continued their negotiations with Keeble & Ridley, and thereafter induced defendant to modify his terms of sale and to accept $40 per acre for said land, including the cotton crop that was growing thereon, reserving to himself the corn crop, and the sale was consummated by Klein & Witt to their said clients upon said terms, and prayed to be dismissed with his costs. There was a trial before the court without a jury, which resulted in a judgment for appellee, from which appellant prosecutes this appeal.

There was no statement of facts, but the court filed its conclusions of fact and law, in which he found as a fact that Klein & Witt were the procuring cause of said sale, and that the asserted sale on the part of appellant was not in accordance with the authority given him to sell by appellee. There being no statement of facts nor exceptions to the conclusions of fact found in the record, this finding must control and determine the case.

It is unnecessary to cite authorities to sustain the proposition that, before a broker can recover commissions, he must show that he was the efficient and procuring cause of the sale, and likewise show that the sale was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

made in accordance with the terms upon which he was authorized to sell. The assignments, many of which complain of the findings of the court, in the absence of a statement of facts or exceptions to the conclusions of fact of the trial court, cannot be reviewed.

Finding no error in the record, the judgment of the court below is affirmed.